UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW P. FLOOD, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:11-cv-00270-DBH |
| | ) |
| | ) |
| MAINE DEPARTMENT OF CORRECTIONS, | ) |
| et al., | ) |
| | ) |
|     Defendants | ) |

### ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR AN ORDER ON DISCOVERY, AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

This is Andrew Flood's third of five cases that he has recently filed in this court pertaining to the revocation of his probation in January 2010. This court has denied Flood's 28 U.S.C. § 2254 habeas relief regarding the probation revocation, *see Flood v. Barnhart*, 1:11-cv-32–DBH, 2011 WL 2160936 (D. Me. May 31, 2011) (rec. dec.), *aff'd* 2011 WL 2634103, at *1 (D. Me. July 5, 2011), and has dismissed a second 28 U.S.C. § 2254 petition because Flood did not first seek certification from the First Circuit Court of Appeals to proceed with a second petition, *see Flood v. Jones*, 1:11-cv-281-DBH, 2011 WL 3678175 (D. Me. Aug. 19, 2011) (rec. dec.), *aff'd* 2011 WL 3841585 (D. Me. Aug. 29, 2011). I also entered an order and recommended decision on Flood's pleadings in a 42 U.S.C. § 1983 proceeding granting Flood's motion to proceed without prepayment of fees, denying his motion for appointment of counsel, and recommending that the case be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Flood v. Me. Dept. of Corrections*, 1:11–cv–205–DBH, 2011 WL

2160678, at *2 (D. Me. May 31, 2011) (rec. dec.).  In that action, subsequent to the issuance of the recommended decision, Flood requested a voluntary dismissal without prejudice. Motion to Withdraw the Complaint Without Prejudice, Docket No. 10.  He also indicated that he did not want to incur the cost of the filing fee, *id*. at 1, and Judge Hornby granted that motion with a docket endorsement. Docket No. 11.   Flood's final case, his third 42 U.S.C. § 1983 action, is *Flood v. Hunter*, No. 1:11-cv-303-DBH, in which I have recommended dismissal following my initial screening.  *See Flood v. Hunter*, No. 1:11-cv-303-DBH, 2011 WL 3877832 (D. Me. Aug. 31, 2011).

### 1. *In Forma Pauperis* Application

In this his second 42 U.S.C. § 1983 action, Flood has filed a motion to proceed *in forma pauperis*. Docket No. 2.  He asks that the court "use my previous submitted account statement for the In [F]orma Pauperis."  Docket No. 2-1.  In No. 1:11-cv-205-DBH, Flood's certificate evidences that he had $12.73 in his account as of May 4, 2011, that over the last six months the average monthly deposits have been $62.50, and the average monthly balance has been $26.01. The instant application is granted; however, pursuant to 28 U.S.C. § 1915(b)(1), Flood is required to pay the entire filing fee in this matter as funds become available.  An initial partial filing fee is hereby assessed in the amount of $12.50.

### 2. *Request for Discovery and Appointment of Counsel*

Flood has requested a "Production of Discovery Pursuant to Rule 34 Federal Rules of Civil Procedure."  Docket No. 3.  He wants his probation file held by probation officer William Love and all information held by "Eastport Healthcare Incorporated" and the treatment Flood received there.  In light of Flood's indication that he wants to amend his complaint, *infra*, this

request is premature, and I deny it without prejudice to Flood's ability to renew this request, if this action proceeds.

As for Flood's request for appointment of counsel, Docket No. 4, there is no absolute right to the appointment of *pro bono* counsel in a civil action. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Flood has not demonstrated that his circumstances are so exceptional as to justify this court's intervention to find him an attorney that is willing to represent him on a *pro bono* basis. Accordingly, his request for appointment of counsel is denied.

### 3. Flood's Most Recent Submissions Concerning Amending his Complaint and Seeking Declaratory/Injunctive Relief

Flood has recently submitted three new documents with the court that have been appropriately docketed as correspondence. Docket No. 5. In the first letter addressed to this court, Flood states that he is "sending notice" that he intends to amend his complaint before service is made. Flood seems to be indicating that he will be sending confidential information to the court as part of this amendment and that he wants reassurance that this information will not be disclosed. Flood has also filed a "Declaration in Support of Injunctive Relief." Docket No. 5-1. Here he states that he wants defendants Eastport Health Care, Inc. and the Maine Department of Corrections enjoined from sharing information regarding Flood's substance abuse and psychiatric treatment. *Id.* at 1. He states that he learned of this disclosure initially on August 18, 2011. *Id.*[1] Flood also asserts that defendant William Love released confidential information in August, *id.* at 1-2, but his request for relief is clearly directed at Eastport Health Care, Inc. and the Department of Corrections. *Id.* ¶ 6. Flood also has provided the court with a copy of a

---

[1] This complaint was filed July 8, 2011.

Maine Department of Corrections grievance form that he filed with respect to this matter, signed by him on September 1, 2011.[2]

Since service has not yet been made on any of the defendants in this action, Flood is entitled to amend his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a). However, given the complexion of Flood's repetitive litigation in this court, I am ordering Flood to file his amended complaint no later than October 14, 2001. Flood's amended complaint should include a clear identification of all of the defendants, the legal basis for his federal claims against each defendant, and the nature of the relief that he seeks as to each defendant.[3] This will enable the court to screen the complaint pursuant to 28 U.S.C. § 1915(e). At his juncture, Flood should not file any supporting documents that he feels should be sealed; he should only set forth his allegations in his complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 12(d). If this litigation proceeds through discovery and to summary judgment or trial, Flood can request that the court seal certain exhibits that he feels are confidential when he files those exhibits and can rest assured that the Clerk's office will not put them on the public docket until there is judicial review of the request for sealing.

Dated this 23rd day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] The Maine Department of Corrections has three stages of grievance review, and it appears that Flood has only pursued his first level review.

[3] Although this may seem to the defendants to be overly permissive, Flood can include his claims of recent disclosure of confidential information by Eastport Health Care, Inc. and the Maine Department of Corrections in his amended complaint. However, I caution Flood that Eastport Health Care, Inc. is not a state actor and that, in most circumstances, it will not be amenable to suit under 42 U.S.C. § 1983, *see American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999), and the Maine Department of Corrections is an arm of the State of Maine that is protected by the doctrine of sovereign immunity, *see Poirier v. Mass. Dept. of Corr.*, 558 F.3d 92, 97 (1st Cir. 2009).