UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ANDREW P. FLOOD, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 1:11-cv-270-DBH |
| MAINE DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants | ) | |

### ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL

Andrew Flood has filed a 42 U.S.C. § 1983 complaint alleging that the numerous defendants violated his civil rights in relation to his probation revocation proceedings. Presently pending are two related motions by Flood seeking court-appointed counsel. In both motions, Docket Nos. 7 & 16, Flood asks the court to appoint counsel for him as a reasonable accommodation for his asserted mental disabilities. With respect to Docket No. 7, I reserved ruling on the motion until the receipt of Flood's amended complaint. Docket No. 8. On October 26, 2011, I entered an order and notice furthering service of Flood's amended complaint on all the defendants. Docket Nos. 13, 14. I now deny both pending motions.

There is no constitutional right to the appointment of *pro bono* counsel in a civil case. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *Demmons v. Tritch*, 484 F.Supp.2d 177, 185 n.11 (D. Me. 2007). Despite his description of himself as disabled, Flood has proven to be a capable *pro se* litigant. In particular, I note that Flood's amended complaint is sufficiently coherent and factually thorough to have withstood scrutiny under 28 U.S.C. § 1915(e)(2), which is why I decided that service was in order.

Flood is worried about the complexity of the discovery process, but this case is in its early stages; answers or dispositive motions based on the pleadings have yet to be filed. I further note with regard to discovery that there are clear rules governing that process, and the court is well versed in resolving discovery disputes.

For the foregoing reasons, Flood's motions for appointment of counsel, Docket Nos. 7 and 16, are denied.

Dated this 18th day of November, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge